UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
HICA EDUCATION LOAN CORPORATION,    :
                                    :  Civil Action No. 11-414 (FLW)
                                    :  **OPINION**
            Plaintiff,              :
                                    :
      v.                            :
                                    :
JUAN J. MUNOZ,                      :
                                    :
            Defendant.              :
_____

**WOLFSON, District Judge**

   Presently before the Court is a motion by Plaintiff HICA Education Loan Corp. ("Plaintiff" or "HICA") for default judgment on its claims against Defendant Juan J. Munoz ("Defendant" or "Munoz") for failure to appear or otherwise respond to Plaintiff's Complaint of January 21, 2011. For the reasons set forth below, Plaintiffs' motion will be GRANTED.

**I. Background**

   On January 21, 2011, Plaintiff filed a Complaint against Defendant alleging that on or around August 2, 1995, Defendant signed a promissory not payable to the Student Loan Marketing Association in an original principal amount of $72,398.75 (the " Note"). Compl. ¶ 5. At some subsequent and unidentified date, Plaintiff became the owner and/or holder of the Note. Compl. ¶ 7. At some point, Defendant failed to make payments due and owing under the terms of the Note. Although Plaintiff alleges that it has made a demand on Defendant for payments

due under the Note, no payments have been forthcoming. Compl. ¶ 11.  Thus, at this time, Plaintiff contends that Defendant owes unpaid principal in the amount of $75,140.94, together with interest calculated under the terms of the Note through April 27, 2011, in the amount of $3,570.63, with interest continuing to accrue after that date at the variable rate set forth in the Note, which, currently is at the rate of $6.68 per day, plus late fees in the amount of $86.01. Compl. ¶ 14.

Defendant was served with the Complaint on February 10, 2011, thus he was required to answer by March 3, 2011.  However, Defendant has failed to answer or otherwise appear in response to Plaintiff's Complaint.  Thereafter, on May 5, 2011, Plaintiff requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on May 6, 2011.  On June 16, 2011, Plaintiff filed the instant Motion for Default Judgment which was returnable on July 18, 2011.   However, as of July 21, 2011, Defendant has not responded to nor opposed this Motion.

**II.  Standard for Default Judgment**

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a).  Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990).  However, even after properly

following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).  Furthermore, the preference is to dispose of cases on the merits whenever practicable.  Id. at 1181 (citations omitted).

**III. Discussion**

In the instant matter, since January 2011, Defendant has failed to appear and defend Plaintiff's claims against him.  Moreover, in May 2011, pursuant to an application by the Plaintiff, an entry of default was made by the Clerk of the Court against Defendant.  Subsequently, on June 16, 2011, Plaintiffs filed the instant Motion for Default Judgment.  Defendant has failed to oppose this motion.  Moreover, the Court notes that the documents attached to the Complaint, including the Note itself, demonstrate Plaintiff's liability in this matter, and, therefore, the Court finds that a grant of default judgment is appropriate.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion for default judgment against Defendants is granted and Plaintiffs may recover the sum of $78,797.58 plus pre-judgment interest at the rate of $6.68 per day from April 28, 2011 through the date of judgment.  An appropriate order will follow.


Dated: July 21, 2011                               /s/  Freda L. Wolfson
                                                   The Honorable Freda L. Wolfson,
                                                   United States District Judge